**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5366-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STEVEN MCCOY, a/k/a KUKO, K, AMOS
CRUDUP, QUAADIR CRUDUP, STEVEN
G. MCCOY, QUAADIR ROYAL, and RED,

    Defendant-Appellant.

_____

Submitted May 23, 2018 — Decided June 12, 2018

Before Judges Koblitz and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Indictment Nos.
10-01-0066 and 10-02-0153.

Joseph E. Krakora, Public Defender, attorney
for appellant (Kevin G. Brynes, Designated
Counsel, on the brief).

Camelia A. Valdes, Passaic County Prosecutor,
attorney for respondent (Christopher W. Hsieh,
Chief Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Steven McCoy appeals from the July 19, 2017 order

denying his application for post-conviction relief (PCR) without

an evidentiary hearing. Defendant pled guilty in connection with two early morning shootings five days apart in 2009. Both victims were seated in a car when shot. Although originally charged with murder and attempted murder, he pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). He received the maximum sentence permissible under the plea agreement: an aggregate sentence of thirty years subject to an 85% parole disqualifier pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant argues that his defense attorney was ineffective by not arguing thoroughly in mitigation at sentencing, not providing defendant with the discovery and not negotiating a more favorable plea agreement. We affirm substantially for the thorough and well-substantiated reasons placed on the record by Presiding Judge Marilyn C. Clark on July 19, 2017.

After defendant was sentenced, he appealed the length of the sentence. We affirmed by order on September 28, 2012.[1] In this appeal, defendant argues:

> POINT I: THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. 1, PAR. 10 OF THE NEW JERSEY CONSTITUTION.

---

[1] We heard the matter at a sentence only argument panel pursuant to Rule 2:9-11.

A. TRIAL COUNSEL FAILED TO INVESTIGATE THE FACTS AND PROVIDE DISCOVERY TO THE DEFENDANT, THEREBY DEPRIVING HIM OF HIS CONSTITUTIONAL RIGHT TO PRESENT A COMPLETE DEFENSE.

B. THE PLEA AGREEMENT IS NULL AND VOID BECAUSE THE DEFENDANT WAS PRESSURED BY TRIAL COUNSEL TO ENTER A GUILTY PLEA WITHOUT HAVING SUFFICIENT KNOWLEDGE ABOUT THE FACTS OF HIS CASE.

C. TRIAL COUNSEL FAILED TO MAKE A COMPLETE SENTENCING ARGUMENT AND RECORD, THEREBY DEPRIVING THE COURT OF INFORMATION RELEVANT TO THE SENTENCING DECISION.

POINT II: THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citations omitted). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

Claims of constitutionally ineffective assistance of counsel are well-suited for post-conviction review. See R. 3:22-4(a)(2); Preciose, 129 N.J. at 460. In determining whether a defendant is entitled to relief on the basis of ineffective assistance of counsel, New Jersey courts apply the two-prong test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and United States v. Cronic, 466 U.S. 648, 658-60 (1984). Preciose, 129 N.J. at 463; see State v. Fritz, 105 N.J. 42, 49-50 (1987).

Under the first prong of the Strickland test, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. Under the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant acknowledged under oath at his guilty plea hearing that his defense lawyer had reviewed the "State's evidence" with him. He also expressed his satisfaction with counsel. As Judge Clark noted, at the age of thirty-three, defendant has already accumulated an extensive criminal record.

Defense counsel mentioned defendant's four children in his sentencing argument. In spite of defense counsel's efforts, the sentencing court found no mitigating factors and three aggravating

factors. <u>See</u> N.J.S.A. 2C:44-1. Judge Clark further discussed how defendant's claim that he shot the victims out of fear due to gang involvement was not a mitigating factor, nor would it have changed the sentence imposed. A PCR evidentiary hearing was not necessary under these circumstances. <u>See</u> <u>Preciose</u>, 129 N.J. at 462 (holding evidentiary hearings are necessary only "if a defendant has presented a prima facie claim in support of post-conviction belief").

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION